Ms. Ginger P. Crisp Associate General Counsel University of Arkansas 421 Administration Building Fayetteville, Arkansas 72701
Dear Ms. Crisp:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), on behalf of the custodian of the records, for an opinion on whether the decision to release certain records to a former employee of the University is consistent with the provisions of the Arkansas Freedom of Information Act or ("FOIA"), A.C.A. § 25-19-101 to -107 (1987) and (Cum Supp. 1993). Specifically, you indicate that the relevant records are "essentially [the requester's own] personnel or evaluation records."[1] You also indicate that many of the documents which fall within the scope of the request are complaints or grievances filed by employees under the requester's supervision, some protesting personnel actions taken by him against them, including terminations. The documents also include notes taken by University officials of meetings with the employees, either in a group or singly.
Because it was your determination that these complaints and grievances could also be considered to be personnel records of the employees, you advised the custodian to notify the employees of the request for their personnel records and his decision to release the records in question. Some of the employees have objected to the release of these documents, and therefore you have enclosed the documents at issue for my review and ask my opinion as to whether they are subject to release. You have determined that the records which can be considered the personnel or job performance records of other employees as well as the requester's can be released to him under A.C.A. § 25-19-105(c)(2).[2]
After a thorough review of the documents in question, it is my opinion that several of the documents are exempt under the provisions of the FOIA and should not be released to the requester.
It should be noted from the outset that these documents have been requested "pursuant to the State of Arkansas Freedom of Information Act," and not solely based upon the individual's right to access his own personnel or evaluation records. An analysis of his right to access the records must thus include two different rights of access: i.e., his right to access his own personnel or evaluation records, even though they are not subject to disclosure under the act to the public generally; and his right to access other documents, which are not his own personnel or evaluation records, as a "citizen" or member of the public generally.
Before delineating the documents which, in my opinion, are not subject to disclosure, it is necessary to set out a few relevant principles under the FOIA. For example, this office has previously concluded that the right of an employee or former employee to access his own personnel or job performance records would not appear to encompass information concerning other employees that, although placed in the requester's personnel file, is not actually a part of his job performance or evaluation records. See Op. Att'y Gen. 91-100. Thus, any records which are not properly considered his personnel records, evaluation records, or which do not detail his performance or lack of performance on the job with regard to a specific incident or incidents so as to constitute "job performance records" are not subject to release to him under the provisions of A.C.A. § 25-19-105(c)(2), although they may have been placed in his "personnel file." It must be determined whether such documents are disclosable to the public generally, as this is his only method of obtaining access to records which are not "his" for purposes of §25-19-105(c)(2).
Additionally, although this office has previously concluded that a "statement" by an employee detailing misconduct on the job by another employee can be a "job performance record" of that other employee (see,e.g., Ops. Att'y Gen. 94-119, 92-310 and 88-162), it appears that this conclusion has been limited to instances in which the "statements" or allegations were either made or used as a part of an agency inquiry or investigation of the job performance of the employee in question. This principle, therefore (that documents containing allegations by other employees can be job performance records of the subject of the records), would not appear to apply where the records were unsolicited by the agency, and were not used by the agency in making decisions with regard to that employee. A record which is unsolicited when produced may, however, become a job performance record, in my opinion, if it is actually used by the agency, that is if it "forms a basis" for making work-related decisions with regard to the subject of the record.
Finally, this office has never had occasion, until now, to analyze the disclosability of job performance records to the subject thereof under A.C.A. § 25-19-105(c)(2), where the records could also be considered personnel or job performance records of another employee, and therefore subject to the exception for "clearly unwarranted invasions of personal privacy" under A.C.A. § 25-19-105(b)(10). I can glean no satisfactory evidence of legislative intent on this question, and do not have the benefit of any Arkansas case law on point. I am thus constrained to interpret the language of the FOIA just as it reads, giving words their plain and ordinary meaning in common usage. Subsection (b) of A.C.A. §25-19-105 contains the exceptions to disclosure under the FOIA, including the exception for personnel records "to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy." The first sentence of this subsection states: ". . . the following shall not be deemed to be made open to the public under the provisions of this chapter. . . ." (Emphasis added.) The "clearly unwarranted invasion" exception for personnel records is thus an exception to the release of documents to the "public." Subsection (c)(2) of A.C.A. § 25-19-105 states that "[a]ny personnel or evaluation records exempt from disclosure under this chapter shall nonetheless be made available to the person about whomthe records are maintained or to that person's designated representative." (Emphasis added.) Although it is not entirely clear, it would appear that this section would allow release of personnel records, portions of which might constitute a clearly unwarranted invasion of privacy as to some "personnel," as long as they are only released to the subject or another person "about whom the records are maintained." As long as the records in question can indeed be characterized as the requester's personnel or evaluation or job performance records, and he is the person "about whom the records are maintained," it is my opinion that your decision is consistent with the FOIA. There is no statutory basis for prohibiting him access because the records also happen to be the personnel or job performance records of other employees as long as he is the "person about whom the records are maintained."
An important qualification attends this conclusion, however. A requester of records under A.C.A. § 25-19-105(c)(2) (requesting his own records) does not have a right to access any information which would be shielded from disclosure under a constitutional right to privacy, the test for which is delineated in McCambridge v. City of Little Rock, 298 Ark. 219,766 S.W.2d 909 (1989). This right of privacy shields "personal matters" which the individual wants to and has kept private or confidential, that except for the government action can be kept private or confidential (i.e., it is not a matter of public record), that to a reasonable person would be "highly offensive" or harmful or embarrassing if disclosed, and where the privacy interest in the nondisclosure of the personal matter outweighs any governmental interest in disclosure. Id. at 230, 231.
Applying the principles set out above, it is my opinion that most of the relevant records are indeed the requester's own personnel or job performance records. The custodian may need to determine, however, whether certain complaints prepared by other employees have indeed become job performance records of the requester, that is, whether they formed a basis for employment decisions relating to him. He may thus access them, except to the extent that they contain information which implicates a constitutional privacy right of other employees. It is my opinion in this regard that certain information contained in complaints filed by one employee relating to medical treatment should be deleted on constitutional grounds, specifically medical information contained in narratives dated August 26, 1994, August 31, 1994, and September 12, 1994, all prepared by the same employee. In addition, it is my opinion that similar information appearing at the bottom of page 3 of a "To Whom it May Concern" letter prepared by another former employee and dated September 6, 1994, should be deleted on constitutional grounds.
There are other records enclosed with your request which are not, in my opinion, the requester's own personnel or job performance records. He may thus access them only to the extent that the public at large would have this right. In this regard, it is my opinion that certain information relating to medical treatment contained in an October 11, 1994, letter prepared by a lawyer for a former employee should be deleted as its release would constitute a clearly unwarranted invasion of privacy of the employee in question. It is also my opinion that paragraph 5 of a response to a grievance response should be deleted on similar grounds. Additionally, the records you enclose contain a performance evaluation of an employee (not the requester). This record is not subject to release unless the employee was suspended or terminated, the record formed a basis for the suspension or termination, all administrative appeals have been exhausted, and there is a compelling governmental interest in its disclosure. Although it is my understanding that the employee was indeed terminated, the evaluation at issue does not appear to have formed a basis for the termination, as the evaluation was exceedingly positive. Finally, with respect to two other documents (a "Personnel Action Form" and a "Position Classification Questionnaire") not relating to the requester, the social security number of the employees should be excised based upon A.C.A. § 25-19-105(b)(10).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The requester, a former employee who was not suspended or terminated, has asked in the relevant portion of his request for "all notes, comments, records, tape recordings, memos, letters, meeting notes or minutes, files, video recordings etc. associated with [meetings held to discuss the requester's capabilities, or to bring forward allegations against him and copies of] all notes, comments [etc.] . . . related to [him,] [his] performance . . . work evaluation . . . work record, etc."
[2] Section 25-19-105(c)(2) provides that: "Any personnel or evaluation records exempt from disclosure under this chapter shall nonetheless be made available to the person about whom the records are maintained or to that person's designated representative."